**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

DA'VHON YOUNG,

Plaintiff,

v. Case No. 4:24-cv-87-WS-MJF

ROBERT KELLY, *et al*.,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint. Doc. 6. The undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

## I. BACKGROUND

Plaintiff is a pretrial detainee confined at the Leon County Detention Facility. Doc. 6 at 2, 4.[1] Plaintiff is suing police officer Robert

[1] The undersigned uses the page numbers of the original document.

Kelly and the Tallahassee Police Department for violating the Fourth Amendment. *Id*. at 2-3, 7. Specifically, Plaintiff alleges that on June 9, 2019, Kelly falsely arrested Plaintiff and impounded his vehicle without a warrant or probable cause. *Id*. at 5-6 ¶¶ 1-7. Plaintiff was booked into the Leon County Detention Facility, informed of the charges for which he was arrested, and detained on those charges until January 24, 2022, when a jury found Plaintiff not guilty. *Id*. at 6 ¶¶ 5, 8, 11. Plaintiff seeks to hold the Tallahassee Police Department liable for Kelly's conduct because Kelly was employed by, and "on active duty" with, the TPD at the time of the arrest. *Id*. at 6 ¶¶ 9, 10. As relief, Plaintiff seeks punitive damages of $2 million "for false imprisonment, illegal arrest, malicious prosecution, humiliation, defamation of character, emotional/mental suffering." *Id*. at 10.

## II. Discussion

### A. Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071

(11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such

history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012).

**B. Plaintiff's Reponses to Questions on the Complaint Form**

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires him to disclose his litigation history. Doc. 6 at 8-12. Question VIII(A) of the complaint form asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" *Id.* at 9. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Plaintiff marked "No," and disclosed no cases. *Id.*

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?" Doc. 6 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Plaintiff marked "Yes" and disclosed a state-court case he filed in the Leon County Circuit Court: *Young v. Tallahassee Police Dep't*, No. 2022-CA-002228. Plaintiff disclosed no other cases. Doc. 6 at 10.

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?" Doc. 6 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Plaintiff marked "No," and disclosed no cases. *Id*. at 10-12.

At the end of the civil rights complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 6 at 12-13. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, he had not filed any case in federal court that (1) was dismissed as malicious or prior to service, or (2) dealt with the same facts or issue involved in this case.

**C. <u>Plaintiff's Omissions</u>**

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Plaintiff filed his original and amended complaints in this case, he had filed *at least* one prior case that required

disclosure.[2] Specifically, on February 16, 2023, Plaintiff filed a civil rights action in this District Court asserting the same claims against officer Kelly arising from Kelly's arresting Plaintiff on June 9, 2019. *See Young v. Kelly*, No. 4:23cv75-WS/MAF (N.D. Fla. Feb. 16, 2023) (Compl.). The case was dismissed as malicious on April 5, 2023, prior to service, because Plaintiff made affirmative misrepresentations about his litigation history. *Young v. Kelly*, No. 4:23cv75-WS/MAF, 2023 WL 2795364 (N.D. Fla. Mar. 2, 2023), *report and recommendation adopted*, 2023 WL 2787973 (N.D. Fla. Apr. 5, 2023).

Plaintiff did not disclose Case No. 4:23cv75-WS/MAF in his original or amended complaint filed in the present case. *See* Docs. 1, 6. Plaintiff also did not disclose the three cases identified in the report and recommendation filed in Case No. 4:23-cv75 that served as the basis for the maliciousness dismissal. *See Young*, 2023 WL 2795364 at *2-3 (identifying by name and case number a prior civil rights action Plaintiff filed in this District Court that was dismissed for failure to state a claim;

---

[2] By confining this discussion to one case, the undersigned does not imply that it is the *only* case Plaintiff was required, but failed, to disclose.

also identifying by case number two prior cases Plaintiff filed in this District Court against Officer Kelly arising from the 2019 arrest).

The foregoing case No. 4:23cv75-WS/MAF falls squarely within the complaint form's disclosure requirements. It was a federal civil case that (1) was dismissed as malicious, (2) was dismissed prior to service; and (3) dealt with the same facts and issue involved in this case, namely, Officer Kelly's alleged false arrest of Plaintiff on June 9, 2019. Plaintiff's failure to disclose Case No. 4:23cv75-WS/MAF (and the cases serving as the basis for the maliciousness dismissal) violates Plaintiff's duty of candor to this court.

**D. <u>The Materiality of Plaintiff's Omissions</u>**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc*. 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable

authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 6 at 8.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp.

1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

**E. <u>The Appropriate Sanction is Dismissal Without Prejudice</u>**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. The court should not allow Plaintiff's false responses to go unpunished. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior civil action; noting that the action fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same where *pro se* prisoner-plaintiff failed to disclose prior habeas petition).

If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the form. An appropriate sanction for

Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Harris*, 498 F. App'x at 964-65 (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the

Complaint form should have known, that disclosure of the relevant prior actions was required"); *Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent.").

Furthermore, a lack of "records"—the explanation Plaintiff offered for not identifying any cases in his original complaint, *see* Doc. 1—also does not excuse Plaintiff's conduct. The undersigned directly advised Plaintiff in the order requiring amendment:

> If Young does not have sufficient records or cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full,

> complete, and honest accounting of them, including whether any prior federal case was dismissed as frivolous, malicious, for failure to state a claim, or prior to service. Young should retain a copy of the inquiry letter (and any response he receives) as evidence that he has made a reasonable, good-faith effort to accurately disclose his litigation history.

Doc. 5 at 4.

As a final matter, the undersigned is aware that dismissal of this case without prejudice is the functional equivalent of a dismissal with prejudice as to some of Plaintiff's claims due to the statute of limitations. For example, Plaintiff's false arrest and defamation claims accrued on June 9, 2019. Florida's four-year personal injury statute of limitations expired on June 9, 2023, and Florida's two-year defamation statute of limitations expired on June 9, 2021. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. §§ 95.11(3), (4). But because the statute of limitations had long since run on these claims *by the time Plaintiff filed this lawsuit on February 9, 2024*—and the limitations bar is established by Plaintiff's own allegations—these clearly time-barred claims are subject to dismissal *with prejudice* anyway because they are frivolous and cannot state a claim for relief under § 1983. *See Cottone v. Jenne*, 326 F.3d 1352, 1357

(11th Cir. 2003) (a complaint may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."); *Smith v. Mercer*, 580 F. App'x 871, 872 (11th Cir. 2014) (dismissing false arrest and false imprisonment claims as frivolous because complaint established that they were barred by statute of limitations).[3]

## III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for maliciousness and abuse of the judicial process under 28 U.S.C. §§ 1915A(b)(1) and § 1915(e)(2)(B)(i).

2. The clerk of the court enter judgment accordingly and close this case file.

At Panama City, Florida, this 27th day of March, 2024.

[3] Plaintiff would not be time-barred from re-filing his malicious prosecution claim, because that claim did not accrue until Plaintiff's alleged acquittal on January 24, 2022. *See Burgest v. McAfee*, 264 F. App'x 850, 852 (11th Cir. 2008) ("[A]n action for malicious prosecution accrues when the prosecution terminates in the prisoner's favor." (citing *Whiting v. Traylor*, 85 F.3d 581, 585-86 (11th Cir. 1996))).

/s/ Michael J. Frank
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**